Mercedes S. Menendez, Esq.
Nevada Bar No. 9443
Anderton & Associates
2360 Corporate Circle, Suite 320
Henderson, NV 89074
Phone: (702) 726-3350
Fax: (877) 684-4264
mercedes.menendez@allstate.com

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIKA SMITH, individually and on behalf of all those similarly situated,<br><br>       Plaintiff,<br><br>    vs.<br><br>ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE NORTHBROOK INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, DOES 1 through 10,<br><br>       Defendants. | **DEFENDANTS' NOTICE OF REMOVAL**<br><br>**(CLASS ACTION FAIRNESS ACT)** |

    NOTICE IS HEREBY GIVEN that Defendants Allstate Fire and Casualty Insurance Company, Allstate Indemnity Insurance Company, Allstate Insurance Company, Allstate Northbrook Indemnity Insurance Company, Allstate Property and Casualty Insurance Company, and Allstate Vehicle and Property Insurance Company ("Allstate") hereby remove the above-entitled action from the Eighth Judicial District Court in and for the County of Clark to the United States District Court in and for the District of Nevada pursuant to 28 U.S.C. §§ 1441(b), 1446, 1453, and 1332(d).

    In support of this notice of removal, Allstate states to the court as follows:

    1.    On February 23, 2021 Plaintiff Erika Smith ("Plaintiff") commenced this action by filing a complaint against Allstate in the Eighth Judicial District Court of Clark County, Nevada

("Complaint") entitled *Erika Smith v. Allstate Fire and Cas. Ins. Co. et al*., Case No. A-21-829912-B ("State Court Action").  Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint and all other pleadings in the state court file are attached hereto as Exhibit 1.

2.     The Complaint alleges that Plaintiff is currently an Allstate automobile insurance policyholder.  (Complaint ¶ 4.)  Plaintiff asserts Allstate charged excessive premiums for its auto policies in light of the COVID-19 pandemic.  (*Id*. ¶¶ 34-37.)  Plaintiff alleges that the 15 percent premium relief offered by Allstate on April and May 2020 auto premiums was inadequate.[1]  (*Id*. ¶¶ 41-43.)

3.     Plaintiff seeks to represent a class of "[a]ll Nevada residents who were automobile insurance policyholders of Defendant Allstate as of March 1, 2020, and who have thereafter continued to be Allstate automobile insurance policyholders."  (*Id*. ¶ 47.)

4.     Plaintiff asserts five causes of action: (1) declaratory relief; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) bad faith; (5) violation of Nevada's Deceptive Trade Practices Act.

6.     Notice of the filing of this Notice of Removal has been provided to Plaintiff by service of a copy of this Notice of Removal as required by 28 U.S.C. § 1446(d).  A true and correct copy of this Notice of Removal will be filed with the Clerk of Court for Clark County, Nevada in accordance with the provisions of 28 U.S.C. § 1446(d), along with a Notice of that filing.

**TIMELINESS OF REMOVAL**

7.     The Clark County Docket indicates that a summons was issued on March 19, 2021, although Allstate has not yet been served.  In accordance with 28 U.S.C. § 1446, this Notice of Removal is timely filed within thirty (30) days of Allstate's notice and receipt of Plaintiff's Complaint.

**VENUE**

8.     Venue is proper in this Court because Plaintiff filed this matter in the Eighth Judicial

---

[1] Although not identified in the Complaint, Allstate did provide a 15 percent credit for June 2020 auto premiums as well.
https://www.allstate.com/covid.aspx#:~:text=The%20Allstate%20Shelter%2Din%2DPlace,in%20the%20Allstate%20Mobile%20App.

District Court in and for the County of Clark, Nevada, which lies within the District of Nevada.  *See* 28 U.S.C. §§ 84(b), 1441(a).

**REMOVAL OF THIS ACTION IS APPROPRIATE UNDER CAFA**

9.      This Court has original jurisdiction of this action under CAFA. 28 U.S.C. § 1332(d)(2).  As such, removal is appropriate under 28 U.S.C. §§ 1453 and 1446 because this action (i) involves 100 or more putative class members; (ii) at least one putative class member is a citizen of a state different from that of Allstate; and (iii) the amount in controversy more likely than not exceeds $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2) & (d)(6).

**A.      There Are More Than 93,000 Putative Class Members.**

10.     For each month since March 2020, Allstate has had more than 93,000 auto policies in force in Nevada. The size of the putative class therefore exceeds the minimum threshold of 100 members under CAFA.

**B.      The Parties Are Sufficiently Diverse.**

11.     CAFA requires only minimal diversity for the purposes of establishing federal jurisdiction; at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).  Here, such minimal diversity exists among the parties.

12.     Plaintiff is a natural person and a citizen of Nevada.  (Complaint ¶ 4.)

13.     Each of the six named Allstate entities are Illinois insurance companies with their principal place of business in Illinois.  (*Id*. ¶ 5.)

**C.      The Amount in Controversy Meets the CAFA Threshold**

14.     Under CAFA, "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs[.]"  28 U.S.C. § 1332(d)(2).  The claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the $5,000,000 threshold.  28 U.S.C. § 1332(d)(6).

15.     "A defendant's notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"  *Trice v. Liberty Mut. Ins. Co*., No.

220CV02139KJDNJK, 2021 WL 414535, at *2 (D. Nev. Feb. 4, 2021) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 80 (2014)).

16.     Allstate's earned premiums for Nevada auto policies in April and May 2020 was more than $43 million.

17.     Plaintiff does not specify the relief requested, but asserts that Allstate's 15 percent premium relief was inadequate, alleging that "driving in the State had declined between forty percent (40%) and seventy percent (70%) depending on the week." (Complaint ¶¶ 97-98.) An additional 15 percent refund over and above the 15 percent refund already issued to the putative class for the months April and May 2020 totals $6.45 million. This alone exceeds the CAFA threshold of $5,000,000.

18.     Plaintiff, however, does not stop there. Plaintiff claims in her Complaint that "COVID-19 continues to wreak havoc in Nevada 11 months after the emergency declaration will continue for the foreseeable future." (*Id.* ¶ 97.) Allstate's earned premiums for Nevada auto policies was more than $21.5 million for each month June 2020 through February 2021. If Plaintiffs were to seek even a 5 percent credit for each of those months, that would add another nearly $10 million to the amount in controversy.

19.     Further, the Complaint seeks "punitive damages" and "all attorney's fees and costs" associated with the suit. (Complaint, Prayer for Relief.) An award of these damages would further increase the amount in controversy.

/ / /

/ / /

/ / /

1

**CONCLUSION**

2

     20.     Accordingly, all of the CAFA jurisdictional requirements are met: the action (i)

3

involves 100 or more putative class members; (ii) at least one putative class member is a citizen of a

4

state different from that of Allstate; and (iii) the aggregate amount in controversy exceeds

5

$5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(d)(2).  The action therefore is

6

properly removed to this Court.   28 U.S.C. § 1453.

7

8

   March 24, 2021                       Respectfully submitted,

9

10

                                        By:     */s/ Mercedes S. Menendez*

11

                                        Mercedes S. Menendez, Esq.

12

                                        Nevada Bar No. 9443
                                        Anderton & Associates

13

                                        2360 Corporate Circle, Suite 320
                                        Henderson, NV 89074

14

                                        Phone: (702) 726-3350
                                        Fax: (877) 684-4264

15

                                        mercedes.menendez@allstate.com

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I, Mercedes S. Menendez, hereby certify that on this 24th day of March, 2021, I caused to be served a true and correct copy of the above and foregoing to all counsel of record via the Court's CM/ECF service system.


/s/ *Mercedes S. Menendez*
Mercedes S. Menendez, Esq.