1  ROBERT T. EGLET, ESQ.
   Nevada Bar No. 3402
2  TRACY A. EGLET, ESQ.
   Nevada Bar No. 6419
3  DANIELLE C. MILLER, ESQ.
   Nevada Bar No. 9127
4  **EGLET ADAMS**
   400 S. Seventh St., Suite 400
5  Las Vegas, NV 89101
   (702) 450-5400; Fax: (702) 450-5451
6  eservice@egletlaw.com
          -and-
7  MATTHEW L. SHARP, ESQ.
   Nevada Bar No. 4746
8  **MATTHEW L. SHARP, LTD.**
   432 Ridge Street
9  Reno, NV 89501
   (775) 324-1500; Fax: (775) 284-0675
10 *Attorneys for Plaintiffs*

11

12                    **UNITED STATES DISTRICT COURT**

13                         **DISTRICT OF NEVADA**

14  ERIKA SMITH, individually and on behalf
    of all those similarly situated,                    Case No.: 2:21-cv-00487- RFB-BNW
15
16                              Plaintiff,
                                                         **AMENDED STIPULATION AND**
17  vs.                                                  **PROPOSED ORDER EXTENDING**
                                                         **DEADLINE FOR PLAINTIFF TO FILE**
18  ALLSTATE FIRE AND CASUALTY                           **AMENDED COMPLAINT**
    INSURANCE COMPANY, ALLSTATE
19  INDEMNITY COMPANY, ALLSTATE
    INSURANCE COMPANY, ALLSTATE
20  NORTHBROOK INDEMNITY
    COMPANY, ALLSTATE PROPERTY
21  AND CASUALTY INSURANCE
    COMPANY, ALLSTATE VEHICLE AND
22  PROPERTY INSURANCE COMPANY,
    DOES 1 through 10,
23
24                              Defendants.

25
26          **STIPULATION AND PROPOSED ORDER EXTENDING DEADLINE FOR**
                 **PLAINTIFF TO FILE AMENDED COMPLAINT**
27
            Plaintiff ERIKA SMITH, by and through their counsel of record, Robert T. Eglet, Esq.,
28

Tracy A. Eglet, Esq., and Danielle C. Miller, Esq. of the law firm EGLET ADAMS and Matthew L. Sharp, Esq. of the law firm MATTHEW L. SHARP, LTD., and Defendants ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, ALLSTATE INDEMNITY COMPANY, ALLSTATE INSURANCE COMPANY, ALLSTATE NORTHBROOK INDEMNITY COMPANY, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, and ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY (collectively, "Allstate"), by and through their counsel of record, Elijah L. Milne, Esq. and Timothy O. Hemming, Esq. of the law firm DENTONS DURHAM JONES PINEGAR P.C., for good cause shown, hereby stipulate and agree as follows:

1.  Plaintiff filed her Complaint in the Eighth Judicial District Court for Clark County, Nevada, Case No. A-21-829912-B. Allstate removed this action to this Court on April 8, 2021.

2.  Allstate filed their Motion to Dismiss on May 14, 2021 [ECF No. 36].

3.  Plaintiff filed her Response to Allstate's Motion on June 14, 2021 [ECF No. 39].

4.  Allstate filed a Reply in support of the Motion on July 9, 2021 [ECF No. 40].

5.  That on February 9, 2021, the Honorable Richard F. Boulware, II heard Allstate's Motion to Dismiss and dismissed with prejudice all claims except the breach of implied covenant of good faith and fair dealing claim, tortious bad faith claim, and the Deceptive Trade Practices Act claim, which were dismissed without prejudice.  The Court granted Plaintiff leave to file an Amended Complaint with respect to Plaintiff's claims that were dismissed without prejudice on or before Friday, March 11, 2022 [ECF No. 45].

6.  Because the claims that were dismissed without prejudice must be pled with particularity, Plaintiff needs additional time to review Plaintiff's e-mail correspondence, records, and bank statements going back at least two (2) years, to the beginning of the COVID-19 pandemic. Given how much time has passed and given the burden of pleading Plaintiff's claims with particularity, Plaintiff needs additional time to thoroughly review her records to obtain this information. Plaintiff will also have to request some of this information from third parties, which may take additional time.

7.  Thus, the parties hereby stipulate that Plaintiff shall have an additional sixty (60)

2

days to file an Amended Complaint.

8.     That Plaintiff's Amended Complaint shall be due on or before May 11, 2022.

9.     That Allstate shall have an extension of thirty (30) days to file a Motion to Dismiss Plaintiff's Amended Complaint.

10.    The parties agree that discovery remains stayed pending Plaintiff filing an Amended Complaint and resolution of Defendant's anticipated Motion to Dismiss Plaintiff's Amended Complaint.

11.    In this District, requests to stay discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery. *See Federal Housing Finance Agency v. GR Investments LLC*, Case No. 2:17-cv-03005-JAD-EJY, 2020 WL 2798011 at *3 (D. Nev. May 29, 2020) (granting motion to stay discovery pending resolution of potentially dispositive motion for summary judgment); *see also Mintun v. Experian Information Solutions, Inc.*, 2:19-cv-00033-JAD-NJK, 2019 WL 2130134 at **1-2 (D. Nev. May 15, 2019) (granting motion to stay discovery pending resolution of potentially dispositive motion to dismiss).

12.    The Parties agree that Allstate's Motion to Dismiss raises potentially dispositive legal and jurisdictional defenses to Plaintiff's claims concerning Allstate's auto insurance rates during the COVID pandemic.

13.    Pending resolution of Allstate's Motion to Dismiss, the Parties agree and stipulate to a stay of discovery including, but not limited to, any discovery obligations set forth in Fed. R. Civ. P. 26 and LR 26-1. The Parties are in agreement that a stay of discovery is warranted at this time. Moreover, discovery is not required to resolve Allstate's anticipated Motion.

14.    If the Court denies Allstate's Motion to Dismiss, in whole or in part, the Parties agree to submit a Discovery Plan and Scheduling Order within thirty (30) days after entry of the

3

1   Court's Order on the Motion.

2          15.     The parties respectfully suggest that good cause exists to enter the stipulated stay

3   of discovery to preserve judicial and party resources and based on application of the factors set

4   forth in paragraph 11, above.

5          16.     The Parties represent that this stipulation is sought in good faith, is not interposed

6   for delay, and is not filed for an improper purpose.

7   DATED this <u>10th</u> day of March, 2022.          DATED this <u>10th</u> day of March, 2022.

8   **EGLET ADAMS**                                  **DENTONS DURHAM JONES PINEGAR**
                                                      **P.C.**
9

10

11   */s/ Robert T. Eglet, Esq.*                      */s/ Jacqueline A. Giannini, Esq.*
     ROBERT T. EGLET, ESQ.                            ELIJAH L. MILNE, ESQ.
12   Nevada Bar No. 3402                              Nevada Bar No. 13196
     TRACY A. EGLET, ESQ.                             TIMOTHY O. HEMMING, ESQ.
13   Nevada Bar No. 6419                              Nevada Bar No. 14375
     BRITTNEY R. GLOVER, ESQ.                         192 East 200 North, Third Floor
14   Nevada Bar No. 15412                             St. George, UT 84770
     400 S. Seventh St., Suite 400                          *-and-*
15   Las Vegas, NV  89101                             MARK HANOVER, ESQ.
           *-and-*                                    (admitted pro hac vice)
16   MATTHEW L. SHARP, ESQ.                           JACQUELINE A. GIANNINI, ESQ.
     Nevada Bar No. 4746                              (admitted pro hac vice)
17   MATTHEW L. SHARP, LTD.                           DENTONS US LLP
     432 Ridge Street                                 233 South Wacker Drive, Suite 5900
18   Reno, NV 89501                                   Chicago, IL 60606-6361
     *Attorneys for Plaintiff*                        *Attorneys for Defendants*
19

20

21

22                              <u>**ORDER**</u>

23          Based upon the parties' stipulation and GOOD CAUSE APPEARING THEREFOR, IT

24   IS SO ORDERED:

25          **IT IS SO ORDERED.**

26                                         _____
                                           UNITED STATES MAGISTRATE JUDGE
27

28   DATED: _____March 11, 2022_____

                                      4

*EGLET ADAMS*